William A. Gilbert
Email: bill@wagilbert.com
GILBERT LAW FIRM, PS
421 W. Riverside, Suite 353
Spokane, WA 99201
Telephone: (509) 321-0750
Facsimile: (509) 343-3315
Attorneys for Plaintiff

Jeff R. Dingwall (CA #265432)
EIGHT & SAND
110 W C Street, Suite 1903
San Diego, CA 92101
(619) 796-3464
jeff@eightandsandlaw.com
*Pro hac vice*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **PAUL F. JOHNSON,** individually and on behalf of others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>**FRONTIER RAIL CORPORATION; FRONTIER RAIL GROUP; YCR CORPORATION; YAKIMA CENTRAL RAILWAY; WESTERN WASHINGTON RAILROAD; KENNEWICK TERMINAL RAILROAD; OREGON RAILCONNECT; LAKE RAILWAY; CINCINNATI EAST TERMINAL RAILROAD**; and **PAUL DIDELIUS** individually, and in | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES (CLASS ACTION)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**
Pg. 1 of 17

**GILBERT LAW FIRM, P.S.**
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750/FAX (509) 343-3315

his capacity as Owner of Frontier Rail )
Corporation, Frontier Rail Group, YCR )
Corporation; Yakima Central Railway, )
Western Washington Railroad, )
Kennewick Terminal Railroad, Oregon )
Railconnect, Lake Railway, and )
Cincinnati East Terminal Railroad, )
)
         Defendants )
)

# CLASS ACTION COMPLAINT

1. Plaintiff Paul F. Johnson brings this lawsuit individually and on behalf of others similarly situated who have been employed in Washington, and nationwide, by Defendants Frontier Rail Corporation, Frontier Rail Group, YCR Corporation, Yakima Central Railway, Western Washington Railroad, Kennewick Terminal Railroad, Oregon Railconnect, Lake Railway, Cincinnati East Terminal Railroad and/or Paul Didelius.

2. Johnson and the putative class hereby seek compensation for unpaid overtime wages, failure to timely pay wages, failure to furnish timely and accurate wage statements, failure to maintain accurate payroll records, for interest and penalties thereon, and for reasonable attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*., and the Washington Minimum Wage Act, RCW 49.46.130 and (2) RCW 49.52.050 and 49.52.070. The acts complained of herein have occurred within the last three (3) years and will continue until enjoined by the Court.

## PARTIES / PERSONAL JURISDICITON

3. Plaintiff Johnson ("Johnson") was at all times relevant hereto, over

**COMPLAINT FOR DAMAGES**  
Pg. 2 of 17

**GILBERT LAW FIRM, P.S.**  
421 W. Riverside, Ste 353  
Spokane, WA 99201  
(509) 321-0750/FAX (509) 343-3315

the age of 18, and a resident of Richland, Washington, which is geographically situated in the Eastern District.

4. Defendant Frontier Rail Corporation ("Frontier") is a Washington corporation headquartered in Burbank, Washington. Frontier is an employer and owns/operates an industry, business, enterprise and/or establishment for the purpose of providing railroad transportation and related services throughout the State of Washington and nationwide. Thus, Frontier is subject to the FLSA and the WMWA.

5. Defendant YCR Corporation ("YCR") is a Washington corporation headquartered in Burbank, Washington. YCR is an employer and owns/operates an industry, business, enterprise and/or establishment for the purpose of providing railroad transportation and related services throughout the State of Washington and nationwide. Thus, Frontier is subject to the FLSA and the WMWA.

6. Defendant Paul Didelius ("Didelius") is the Owner and President of Frontier Rail Corporation, Frontier Rail Group, YCR Corporation, Yakima Central Railway, Western Washington Railroad, Kennewick Terminal Railroad, Oregon Railconnect, Lake Railway, and Cincinnati East Terminal Railroad.

7. On information and belief, Defendant Paul Didelius is over the age of 18 and resides in Walla Walla, Washington, which is geographically situated in the Eastern District.

8. On information and belief, Frontier Rail Group, Yakima Central Railway, Western Washington Railroad, Kennewick Terminal Railroad, Oregon Railconnect, Lake Railway, and Cincinnati East Terminal Railroad are employers and own/operate an industry, business, enterprise and/or establishment for the purpose of providing railroad transportation and related services throughout the

State of Washington and nationwide. Thus, Frontier Rail Group, Yakima Central Railway, Western Washington Railroad, Kennewick Terminal Railroad, Oregon Railconnect, Lake Railway, and Cincinnati East Terminal Railroad are subject to the FLSA and the MWA, and are subject to the Personal Jurisdiction in the Eastern District of Washington.

## FEDERAL QUESTION JURISDICTION

9. This Court has jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

10. This Court has jurisdiction over Plaintiff's state law claims under 29 U.S.C. § 1332 (the "Class Action Fairness Act"). Plaintiff brings this as a class action, at least one Plaintiff is a citizen of a different state than at least one Defendant, and the amount in controversy exceeds $5,000,000.

11. This Court also has jurisdiction over the Washington state law claims pursuant to 28 U.S.C. § 1367 as they are so related to the FLSA claims that they form part of the same case or controversy.

## VENUE

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants conduct business here and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this district.

## JOINT EMPLOYMENT ALLEGATIONS

13. Defendant Paul Didelius is the Owner and President of Frontier Rail Corporation, Frontier Rail Group, YCR Corporation, Yakima Central Railway, Western Washington Railroad, Kennewick Terminal Railroad, Oregon Railconnect, Lake Railway, and Cincinnati East Terminal Railroad ("The Short Lines").

**COMPLAINT FOR DAMAGES**
Pg. 4 of 17

**GILBERT LAW FIRM, P.S.**
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750/FAX (509) 343-3315

14. The Short Lines operate railroads and related services over more than 300 miles of track in at least eight (8) states, including Washington.

15. Didelius, individually and in his capacity as Owner and President of The Short Lines, is responsible, both directly and jointly, for the operation of The Short Lines and for the policies, practices and conduct at issue in this case.

16. Throughout the relevant period, Didelius individually and in his capacity as Owner and President of The Short Lines, has formulated, approved, controlled and engaged in the improper practices described in this Complaint and thus is jointly responsible for these practices.

17. Throughout the relevant period, Didelius individually and in his capacity as Owner and President of The Short Lines, and The Short Line have been an integrated enterprise with inter-related operations, systems, policies, practices and labor relations.

18. Throughout the relevant period, Didelius individually and in his capacity as Owner and President of The Short Lines, and The Short Lines served as each other's agents and worked in concert to accomplish the actions pled here.

19. Throughout the relevant period, Didelius individually and in his capacity as Owner and President of The Short Lines, has been actively engaged in the day-to-day operation and management of business operations of The Short Lines.

20. Employees of The Short Lines perform services overseen by Didelius.

21. Managers and employees of The Short Lines receive common training, developed and overseen by Didelius individually and in his capacity as Owner and President of The Short Lines, with respect to all aspects of the business operations.

**COMPLAINT FOR DAMAGES**
Pg. 5 of 17

**GILBERT LAW FIRM, P.S.**
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750/FAX (509) 343-3315

22. Employees of The Short Lines are required to follow common policies, systems, procedures, and requirements, including policies relating to hiring, training, hours of work, overtime, timekeeping, and compensation developed and promulgated by Didelius individually and in his capacity as Owner and President of The Short Lines.

23. Employees of The Short Lines perform their jobs using materials and systems that Didelius individually and in his capacity as Owner and President of The Short Lines, promulgates and oversees.

24. Employees of The Short Lines are supervised in the performance of their work according to criteria set by Didelius individually and in his capacity as Owner and President of The Short Lines.

25. Employees of The Short Lines receive wages set by policies, systems and procedures set by Didelius individually and in his capacity as Owner and President of The Short Lines.

26. Throughout the relevant period, because of his active, ongoing role in the business operations of The Short Lines, Didelius and The Short Lines were joint employers of Johnson and others similarly situated as defined by the FLSA and Washington law, and were responsible for the improper acts and practices as described in this Complaint.

27. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted in the course and scope of their employment with and for Defendants, as such, Defendants are liable, jointly, and severally for the acts or omissions of their respective agents, servants and/or employees under the Doctrine of Respondeat Superior.

## FACTUAL BACKGROUND

28. Johnson was hired by one or more Defendants in November, 2013.

29. During his employment with Defendants, Johnson was paid hourly at a rate between $13.00 and $18.00 per hour.

30. Johnson was not qualified as an exempt employee under the FLSA, or the WMWA, nor was he designated as such by Defendants.

31. Johnson did not have a written employment contract with any of the Defendants.

32. Defendants regularly required Johnson to work over 40 hours a week, doing non-supervisory duties which included, but were not limited to, inspection and repair of railcars, track maintenance and repair, signal inspection, switching operations and work as a train conductor and a locomotive engineer.

33. Upon information and belief, Defendants' managers intentionally required Johnson, and other employees, to split their recorded work hours between more than one of the Defendants to avoid paying overtime.

34. Defendants avoided paying overtime by issuing Johnson, and other employees, separate paychecks from separate companies.

35. For instance, for the week of December 16, 2015, Johnson received pay from Frontier Rail Corporation for 4.5 hours of straight time at a rate of $18.00 per hour. For the same week he also received pay from YCR Corporation for 41 hours of straight time at $17.00 per hour. Though Johnson worked a total of 45.5 hours for the week of December 16, 2015, he was not paid an overtime premium.

36. Johnson logged his work hours through a website as directed by Defendants.

37. Johnson was directed by Defendants to use different login information depending on which Defendant his hours were to be attributed to.

**GILBERT LAW FIRM, P.S.**
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750/FAX (509) 343-3315

38. Upon information and belief, at all relevant times, Defendants did not maintain true and accurate records of hours worked by Johnson, and other similarly situated employees, as required by 29 C.F.R. § 516. Accordingly, the exact amount of hours worked by, and wages owed too, Johnson will only be known through discovery.

39. The work performed by Johnson for Defendants was identical to those of other track and signal workers, and other non-exempt, non-management employees of Defendants.

40. Johnson's pay stubs consistently show more that 40 hours worked per week without proper compensation for overtime.

41. In failing to pay Mr. Johnson overtime premium compensation for all hours worked over 40 per week, Defendants acted willfully and with reckless disregard of clearly applicable FLSA and WMWA provisions.

## CLASS ACTION ALLEGATIONS

42. Johnson brings this action individually, and as a class representative, pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and 29 U.S.C. § 201, *et seq*. on behalf of himself and others similarly situated.

43. The class, comprised of all aggrieved current and past employees of Defendants, is so numerous that joinder of all members is impractical. The class consists of approximately 50 or more members.

    a. There are questions of law or fact common to the class that predominate over questions affecting only individual members.

    b. The claims of the named Plaintiff are typical of the claims of the class.

    c. The named Plaintiff will fairly and adequately assert and

COMPLAINT FOR DAMAGES
Pg. 8 of 17

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750/FAX (509) 343-3315

protect the interests of the class.

    d. If this action is not certified as a class action, adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

    e. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making declaratory relief with respect to the whole class appropriate.

    f. Maintenance of the named Plaintiff's claims as a class action will be superior to other available methods for the fair and efficient adjudication of the controversy.

44. As a result of Defendants' willful and reckless disregard of the FLSA and WMWA, Johnson and other similarly situated employees have suffered damages, the value of which to be determined at trial.

## **CAUSE OF ACTION FOR VIOLATIONS OF The FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *et seq*. (CLASS CLAIM)**

45. Johnson re-alleges each of the foregoing paragraphs of this Complaint as though fully set forth herein.

46. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Johnson brings this action for himself and on behalf of a class - initially defined as follows: All current and past employees of Defendants who have been aggrieved by the Defendants' failure to pay wages in accordance with the provisions of the FLSA and WMWA.

**COMPLAINT FOR DAMAGES**  
Pg. 9 of 17

**GILBERT LAW FIRM, P.S.**  
421 W. Riverside, Ste 353  
Spokane, WA 99201  
(509) 321-0750/FAX (509) 343-3315

47. **Predominance of Common Questions of Law and Fact; Fed. R. Civ. P. 23(a)(2):** Common questions of law and fact exist as to all members of the proposed putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues include, without limitation:

   47.1 Defendants are "employers" as defined by the FLSA.

   47.2 Johnson, and the members of the proposed putative class, are "employees" as defined by the FLSA.

   47.3 Johnson, and members of the proposed putative class, are not, and were not, subject to exemption for purposes of overtime entitlement under the FLSA.

   47.4 The Defendants failed to pay Johnson, and members of the proposed putative class, overtime compensation for work and labor performed while gainfully employed by Defendants as required by the FLSA;

   47.5 The labor and services performed by Johnson, and members of the proposed putative class, were directly essential to the sale and use of various goods which moved in interstate commerce, and/or such labor and services involved the use of goods which have moved in interstate commerce, and all such persons therefore were engaged in commerce or in the production of goods for commerce as those terms are used in the FLSA while employed by the Defendants;

   47.6 Johnson, and members of the proposed putative class, were not

**COMPLAINT FOR DAMAGES**
Pg. 10 of 17

**GILBERT LAW FIRM, P.S.**
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750/FAX (509) 343-3315

paid for overtime worked, and as such are owed unpaid overtime wages from the Defendants pursuant to 20 U.S.C. §§ 206, 207 in an amount to be determined upon review of the Defendants' records and/or at the trial of this action;

47.7 Defendants' violations of the FLSA have, at all times herein, been knowing and willful.

48. **Typicality; Fed. R. Civ. P. 23(a)(3):** Plaintiff's claims are typical of the claims of each proposed putative class member. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories. The names and addresses of the class members are identifiable through the internal business records maintained by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice.

49. **Adequacy of Representation; Fed. R. Civ. P. 23(a)(4):** Plaintiff is an adequate representative of the putative class, because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he has and intends to continue to prosecute the action vigorously. Plaintiff and their counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff, nor his counsel, have any interests which might cause them not to vigorously pursue this action.

50. **Superiority; Fed. R. Civ. P. 23(b)(3):** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750/FAX (509) 343-3315

member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the Class individually to achieve full and complete justice to redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in the case.

51. **Injunctive Relief Appropriate for the Class; FED. R. CIV. P. 23(b)(2):** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

52. As a result of the foregoing, Johnson seeks judgment against the Defendants on his own behalf, and on behalf of the members of the proposed putative class, for unpaid wages owed by the Defendants, together with an award of an additional equal amount as liquidated damages, and costs, interest, and attorney's fees, as provided for under 29 U.S.C. § 216(b).

**CAUSE OF ACTION FOR VIOLATION OF
THE WASHINGTON MINIMUM WAGE ACT, RCW 49.46.050 et. seq.
(CLASS CLAIM)**

53. Johnson re-alleges each of the foregoing paragraphs of this Complaint as though fully set forth herein.

54. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff

COMPLAINT FOR DAMAGES
Pg. 12 of 17

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750/FAX (509) 343-3315

Johnson brings this action for himself and on behalf of a class - initially defined as follows: All current and past employees of Defendants who have been aggrieved by the Defendants failure to pay wages in accordance with the provisions of the FLSA and WMWA.

55. **Predominance of Common Questions of Law and Fact; Fed. R. Civ. P. 23(a)(2):** Common questions of law and fact exist as to all members of the proposed putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues include, without limitation:

> 55.1 Defendants were "employers", and Johnson, and members of the proposed putative class, were "employees" of Defendants as defined under RCW 49.46.010;
>
> 55.2 Johnson, and members of the proposed putative class, worked in excess of the minimum number of hours to qualify for overtime compensation under the WMWA, and were entitled to compensation at the statutory mandated rate for overtime hours worked pursuant to RCW 49.46.130;
>
> 55.3 Johnson, and members of the proposed putative class, are not, and were not, subject to exemption for purposes of overtime entitlement under the WMWA;
>
> 55.4 The Defendants failed to pay Johnson, and members of the proposed putative class, overtime compensation for work and labor performed while gainfully employed by Defendants as required by the WMWA;

**COMPLAINT FOR DAMAGES**
Pg. 13 of 17

**GILBERT LAW FIRM, P.S.**
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750/FAX (509) 343-3315

55.5 In addition to wages due, because Defendants knowingly and willfully refused, and failed to pay the required wages. Accordingly Johnson, and members of the proposed putative class, are entitled to exemplary damages pursuant to RCW 49.52.070;

55.6 Johnson, and members of the proposed putative class, are entitled to attorney fees pursuant to RCW 49.46.090; RCW 49.48.030; and RCW 49.52.070.

56. **<u>Typicality; Fed. R. Civ. P. 23(a)(3):</u>** Plaintiff's claims are typical of the claims of each proposed putative class member. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories. The names and addresses of the class members are identifiable through the internal business records maintained by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice.

57. **<u>Adequacy of Representation; Fed. R. Civ. P. 23(a)(4):</u>** Plaintiff is an adequate representative of the putative class, because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he has and intends to continue to prosecute the action vigorously. Plaintiff and their counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff, nor his counsel, have any interests which might cause them not to vigorously pursue this action.

58. **<u>Superiority; Fed. R. Civ. P. 23(b)(3):</u>** Questions of law and fact common to the Class members predominate over questions affecting only

COMPLAINT FOR DAMAGES
Pg. 14 of 17

GILBERT LAW FIRM, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750/FAX (509) 343-3315

individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the Class individually to achieve full and complete justice to redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in the case.

59. **Injunctive Relief Appropriate for the Class; FED. R. CIV. P. 23(b)(2):** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

60. Defendants' violations of the WMWA have, at all times herein, been knowing and willful.

61. As a result of the foregoing, Johnson seeks judgment against the Defendants on his own behalf, and on behalf of members of the proposed putative class, for unpaid wages owed by the Defendants, together with an award of liquidated damages, and costs, interest, and attorney's fees, as provided for under 49.46.050 et. seq.

COMPLAINT FOR DAMAGES  
Pg. 15 of 17

GILBERT LAW FIRM, P.S.  
421 W. Riverside, Ste 353  
Spokane, WA 99201  
(509) 321-0750/FAX (509) 343-3315

# PRAYER FOR RELIEF

Plaintiff, on behalf of himself, and on behalf of members of the proposed putative class, requests judgment against each and every Defendant as follows:

1. **Certification** for this matter to proceed as a class action;

2. **Declaratory Relief:**

    a. Defendants' policies and/or practices of failing to pay overtime wages violate the FLSA;

    b. Defendants' policies and/or practices of failing to pay overtime wages violate RCW 49.46.130;

    c. Defendants' willfully withheld wages in violation of RCW 49.52.070;

    d. Defendants' willfully, and with intent to deprive, paid a lower wage than Defendants were required to pay pursuant to the FLSA and WMWA;

3. **Injunctive Relief:** That the Court preliminarily and permanently enjoin Defendants from engaging in the practices challenged herein;

4. **Compensatory Damages:** as proven at trial.

5. **Attorneys' Fees and Litigation Costs:** pursuant to 29 U.S.C. §216, and RCW 49.46.090.

6. **Liquidated Damages:** pursuant to 29 U.S.C. §216, and RCW 49.52.070.

7. **Prejudgment Interest**.

8. All such other and further relief that the Court may deem just and proper.

9. **PLAINTIFF DEMANDS A JURY TRIAL.**

**COMPLAINT FOR DAMAGES**
Pg. 16 of 17

**GILBERT LAW FIRM, P.S.**
421 W. Riverside, Ste 353
Spokane, WA 99201
(509) 321-0750/FAX (509) 343-3315

DATED THIS 8th day of March, 2017.

                GILBERT LAW FIRM, P.S.

                /s/William A. Gilbert
                WILLIAM A. GILBERT, WSBA #30592
                421 West Riverside Avenue, Suite 353
                Spokane, WA 99201
                T: (509) 321-0750
                F: (509) 343-3315
                E: bill@wagilbert.com
                Attorney for Plaintiff